IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRETT TALIAFERRO | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-125 |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Movant Brett Taliaferro, a federal prisoner, proceeding *pro se*, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The Motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Movant is in custody pursuant to a judgment entered in the United States District Court for the Eastern District of Texas. On August 18, 2021, a federal grand jury returned a nine-count indictment charging Movant and three co-defendants with controlled substance and firearm offenses. An Assistant Federal Public Defender was appointed to represent Movant. Movant entered into a written plea agreement with the government, in which he agreed to plead guilty to conspiracy to distribute and to possess with the intent to distribute methamphetamine (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 4). In the Factual Basis accompanying the plea agreement, Movant admitted to controlled substance offenses involving 694.598 grams of methamphetamine (actual) and 196.2 grams of a mixture containing methamphetamine. Prior to the

completion of the Presentence Investigation Report (PSR), defense counsel's motion to withdraw was granted, and new counsel was appointed to represent Movant.

Based on the quantity of methamphetamine agreed to in the Factual Basis, the Probation Office calculated a base offense level of 34 for Count 1. Movant received a two-level enhancement for maintaining a premises for the purposes of manufacturing or distributing a controlled substance. After receiving a three-level decrease for acceptance of responsibility, Movant's offense level was 33. With a criminal history score of VI and an offense level of 33, Movant's guideline range for Count 1 was 235-293 months of imprisonment. With respect to Count 4, the guideline range was a mandatory five-year consecutive sentence.

On August 3, 2022, Movant was sentenced to 280 months of imprisonment on Count 1, and and 60 months on Count 4, with the sentences to run consecutively. Movant did not appeal the judgment.

## The Motion

Movant contends that the district court deviated from the United States Sentencing Guidelines in imposing sentence on Count 1 based on the drug purity. Movant also contends that he was denied the effective assistance of counsel because his defense counsel withdrew and was replaced without notice.

## Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Thus, relief under § 2255 is reserved for violations of constitutional rights, and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

<u>Analysis</u>

*Ineffective Assistance of Counsel*

Movant claims that he received ineffective assistance of counsel because his defense attorney withdrew and another defense attorney was appointed without notice to Movant. In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S.

3

668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of Movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Mere allegations of prejudice are insufficient; Movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In the context of a guilty plea, Movant must show a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Indigent defendants do not have the right to appointed counsel of their choosing. *United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007). Movant was represented by counsel at the

sentencing phase of his case. Movant has not demonstrated that the attorney's performance was deficient or shown that he was prejudiced by counsel's performance at the sentencing hearing. Therefore, Movant is not entitled to relief on this ground.

*Sentencing Guideline Calculation*

Movant contends that the district court erred by deviating from the guidelines in imposing sentence. More specifically, it appears that Movant is arguing that the guideline range was improperly calculated based on the purity of the methamphetamine. In paragraph twelve of the plea agreement, Movant waived his right to appeal his sentence or challenge it in a § 2255 Motion, unless his sentence exceeded the statutory maximum. In this case, the 280-month sentence for Count 1 did not exceed the statutory maximum of life imprisonment.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The waiver must be voluntary and must be a knowing, intelligent act done with awareness of the relevant circumstances and likely consequences. *United States v. Burns*, 433 F.3d 442, 449 (5th Cir. 2005). An ineffective assistance of counsel claim survives the waiver of appeal only if the alleged ineffective assistance directly affects the validity of the waiver or the plea itself. *White*, 307 F.3d at 343.

In light of paragraph twelve of the plea agreement, Movant clearly waived his right to file a § 2255 motion. In paragraph eleven, Movant stipulated that his plea was freely and voluntarily made, and was not entered into as the result of threats or promises not disclosed in the plea agreement. The sentence was imposed in accordance with the terms of the plea agreement, Movant's claim regarding his sentence does not involve allegations of ineffective assistance of counsel, and

Movant does not allege that ineffective assistance of counsel affected the validity of the waiver or the guilty plea. Therefore, the waiver should be enforced, and Movant's claim regarding his sentence is barred by the waiver.

## Recommendation

This Motion to Vacate, Set Aside, or Correct Sentence should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 29th day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE